IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC EDNEY <br> (BOP Register No. 48680-177), <br><br> Movant, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § § § § § § § § § § § | No. 3:16-cv-3541-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Movant Cedric Edney, a federal prisoner proceeding *pro se*, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence asserting that he should be resentenced based on *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). *See, e.g.*, Dkt. No. 1 at 4 (requesting "that this Court will offer him an opportunity to be resentenced absent the *Hinkle* violations"). This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The government filed a response opposing relief, *see* Dkt. No. 5, and Edney filed a reply brief, *see* Dkt. No. 6. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny Edney's Section 2255 motion.

**Applicable Background**

Edney was convicted of possession of a controlled substance with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), [Count 1] and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), [Count 2], and he was sentenced to 60 months of imprisonment as to Count 1 and to a consecutive 120 months as to Count 2, but the Court limited his total aggregate sentence to 144 months in custody and determined that his federal sentence shall run concurrently with any state sentence imposed in Case Nos. F12-41301 and F12-40626, then pending in the 282nd Judicial District Court of Dallas County, Texas. *See United States v. Edney*, No. 3:14-cr-366-N (01), Dkt. No. 43 (N.D. Tex. Dec. 17, 2015).

There was no direct appeal.

And, pertinent to the claim in Edney's Section 2255 motion, the Guidelines sentence for his firearm conviction was enhanced because it was determined that Edney was a Career Offender under USSG § 4B1.1 based on two prior Texas controlled-substance convictions. *See, e.g., id.*, Dkt. No. 30-1 (presentencing report or PSR), ¶¶ 30, 37, 48, & 49.

## Legal Standards and Analysis

Although Edney believes he should be resentenced in light of *Hinkle*, a decision of the United States Court of Appeals for the Fifth Circuit handed down after the United States Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Fifth Circuit did not overturn *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007) – the controlling precedent at the time of Edney's sentencing that justified his career-offender enhancement under the Guidelines – until it decided *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017).

*Tanksley* held that *Mathis* overturned *Ford*, in which the Court of Appeals had "held that a conviction for possession with intent to deliver a controlled substance under section 481.112(a) of the Texas Health and Safety Code ... qualifies as a 'controlled substance offense' under the [Guidelines]." *Tanksley*, 848 F.3d at 349; *see id.* at 352 ("*Mathis* is more than merely illuminating with respect to the case before us; it unequivocally resolves the question in favor of Tanksley. *Ford* cannot stand. Section 481.112(a) is an indivisible statute to which the modified categorical approach does not apply." (citations and internal quotation marks omitted)).

As such, Tanksley's prior conviction under Section 481.112(a) could not count as "a controlled substance offense" under the career offender provision of the sentencing guidelines, under which

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). And today, a prior conviction under Section 481.112(a) does not count as "a controlled substance offense" under Section 4B1.1. *See, e.g., United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) ("This court recently held that Texas possession with intent to deliver a controlled substance does not qualify as a controlled substance offense under the Guidelines. Based on *Tanksley*, the Government concedes error in calculation of the Guidelines range." (citation omitted)).

But, unlike *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the

Supreme Court held that an aspect of the Armed Career Criminal Act ("ACCA") was subject to a constitutional vagueness challenge, neither *Hinkle* nor *Tanksley* is a decision of the Supreme Court that is "substantive [ ] and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review," *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). In sum, then, Edney is merely challenging on collateral review his Guidelines calculation. And

> [a]ny claim that the Court erred when it calculated his guideline sentence ... "attacks head-on the sentencing Court's application" of the Sentencing Guidelines. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). [Such a] claim is not cognizable in this collateral proceeding. *See id.*
> "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *Id.* (citation omitted). [Mr. Wheeler] cannot here argue that the Court erred in relying on his prior Texas convictions when it calculated his Guideline sentence. *See, e.g., Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis*, *Hinkle*, and *Tanksley*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

*Villa-Sanchez v. United States*, No. 3:17-cv-3457-D-BN, 2017 WL 7804729, at *1 & *2 (N.D. Tex. Dec. 22, 2017), *rec. adopted*, 2018 WL 1083854 (N.D. Tex. Feb. 28, 2018), *mot. to amend judgment denied*, 2018 WL 2299057 (N.D. Tex. May 21, 2018); *see also Beckles v. United States*, 137 S. Ct. 886, 892 (2017) ("Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the

statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."); *Herrod v. United States*, Nos. 4:16cv782 & 4:11cr00176-001, 2017 WL 4076120, at *1 (E.D. Tex. Sept. 14, 2017) ("Since *Beckles* was decided, the Fifth Circuit has repeatedly rejected cases by inmates trying to extend *Johnson* to the Sentencing Guidelines. Moreover, the Fifth Circuit has repeatedly held that the technical application of the United States Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings. The type of claim Herrod is bringing in this case is not cognizable in a § 2255 proceeding." (citations omitted)); *Strecker v. United States*, Nos. 4:17-cv-986-A & 4:15-cr-063-A, 2018 WL 705308, at *3 (N.D. Tex. Feb. 1, 2018) ("The arguments would fail in any event, as the cases upon which movant relies do not support his position. *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis* ... concern convictions under the Armed Career Criminal Act, which played no role in movant's case. Rather, movant is seeking to extend their holdings to application of the sentencing guidelines, but the Supreme Court has made clear that the guidelines are not subject to a vagueness challenge under the Constitution. And challenges to application of the guidelines are not cognizable under [Section] 2255." (citations omitted)).

## Recommendation

The Court should deny Movant Cedric Edney's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 1, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE